IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATHIS LAAU,

      Plaintiff,

vs.                                                     No. 1:21-cv-00781-KWR-JFR

ALBUQUERQUE POLICE DEPARTMENT,
FEDERAL BUREAU OF INVESTIGATION,
STATE OF NEW MEXICO ELECTED OFFICIALS,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten Civil Complaint ("Complaint") (Doc. 1) filed by Plaintiff Mathis Laau. The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Plaintiff, Mathis Laau filed this civil proceeding alleging violation of constitutional rights and racketeering by government officials. (Doc. 1). The Complaint was not in proper form for a civil rights or a RICO complaint. (Doc. 1). Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On August 19, 2021, the Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 3). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 2). The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an application under § 1915. (Doc. 3 at 2). More than 30 days elapsed after entry of the Court's

1

Order to Cure Deficiencies and Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's August 19, 2021 Order.

Further, all mail sent by the Court to Plaintiff at the address he provided has been returned as undeliverable.  (Doc. 4, 5, 6).  Plaintiff has been transferred or released from custody or the address he has given is incorrect.  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.  Plaintiff Laau has failed to comply with the requirements of Local Rule 83.6.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Plaintiff Laau has failed to comply with the Court's Order, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with Fed. R. Civ. P. 8 and 11, failed to comply with D.N.M. LR-Civ. 83.6, and failed to prosecute this action.  The Court may dismiss this action under Fed. R. Civ. P. 41(b) for Plaintiff Laau's failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders.  *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court orders and failure to prosecute this proceeding.

**IT IS ORDERED** that the Civil Complaint (Doc. 1) filed by Plaintiff Mathis Laau is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Order, and failure to prosecute.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**