IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATHIS LAAU,

    Plaintiff,

v.                                                                                                                   No. 1:21-cv-00781-KWR-JFR

ALBUQUERQUE POLICE
DEPARTMENT, *et al.*,

    Defendants.

## ORDER DENYING POST-JUDGMENT MOTION

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (the "Motion"). (Doc. 9). Being sufficiently advised, the Court finds that the Motion is **NOT WELL TAKEN** and should be **DENIED.**

This case commenced with the filing of Plaintiff's Civil Complaint on August 18, 2021. (Doc. 1). Upon review, the Court determined that the complaint was not in proper form and that that Plaintiff had not paid the filing fee or sought to proceed in *forma pauperis*. (Doc. 3). In an order entered on August 19, 2021, the Court set a thirty-day deadline within which Plaintiff could cure these deficiencies to avoid dismissal of the case. (Doc. 3). Plaintiff failed to cure the deficiencies by the deadline. Furthermore, all mail sent by the Court to Plaintiff at the address he provided was returned as undeliverable, indicating that Plaintiff can no longer be reached at his address of record.

Based on Plaintiff's failure to comply with 28 U.S.C. § 1915 (governing proceedings in forma pauperis), to comply with the pleading standards set forth in Fed. R. Civ. P. 8 and 11, to keep the Court apprised of his current mailing address as required by D.N.M. LR-Civ. 83.6, and to comply with court orders, the Court dismissed this case pursuant to Fed. R. Civ. P. 41(b). (Doc.

7). The Memorandum Opinion and Order of Dismissal (doc. 7) and a final judgment dismissing the case without prejudice (doc. 8) were entered on November 16, 2021. This Motion was filed the next day. (Doc. 9).

Since Plaintiff's Motion was filed one day after the Court entered its final judgment, and because it essentially seeks to overturn the judgment, the Court construes the Motion under Fed. R. Civ. P. 59(e). *See id.* (allowing a litigant to file a motion to alter or amend a judgment within 28 days of its entry); *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) ("No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment.").

"Rule 59(e) relief is available in limited circumstances, including (1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

Plaintiff maintains that the Court failed to file his complaint, which entitles him to summary judgment. This is not true. Plaintiff's complaint was filed on August 18, 2021, and he does not argue nor is there any record of an amended or subsequent complaint. Plaintiff's complaint was insufficient, and the case was dismissed for the reasons set forth in the Court's previous orders. (See Docs. 3 and 7). The defects that led the Court to dismiss Plaintiff's complaint have still not been remedied, nor has Plaintiff shown cause for his failure to comply with the Court's order to cure the defects.

Plaintiff has not demonstrated that he is entitled to relief under Rule 59(e). The Motion will be **DENIED** accordingly.

**IT IS THEREFORE ORDERED** that the Motion (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**